UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| HAROLD B. LUNSFORD | ) | |
|---|---|---|
| No. 43835 | ) | |
| NOREELDEEN ABDULKARIM | ) | |
| No. 352928, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 3:16-cv-00625 |
| | ) | JUDGE CRENSHAW |
| v. | ) | |
| | ) | |
| DARON HALL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# **M E M O R A N D U M**

Co-plaintiffs Harold D. Lunsforth and Noreeldeen Abdulkarim, inmates of the Davidson County Sheriff's Office in Nashville, Tennessee, filed this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against Daron Hall, Davidson County, Tennessee, the Davidson County Sheriff's Department, and Jamie Johnson, alleging violations of the Plaintiffs' civil rights. (Doc. No. 1).

The Complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil Complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary dismissal of the Complaint on the same grounds as those articulated in § 1915(e)(2)(B). Id. §

1

1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[A] district court must (1) view the Complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. Section 1983 Standard

Plaintiffs brings their claims pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983,

2

a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

## III.    Alleged Facts

The Complaint alleges that, on February 28, 2016, the inmates of cell block 4-D of the Davidson County Criminal Justice Center, including the Plaintiffs, were placed on "lock down" pending investigation. As of March 2, 2016, these inmates were still on "lock down," and the inmates were not permitted their one hour per day of recreation time for a period of four days. According to the Complaint, this loss of recreation time caused the Plaintiffs to suffer "undue stress and mental anguish." (Doc. No. 1 at p. 3). Additionally, the Complaint alleges that, on March 1, 2016, the Plaintiffs were "denied the right to practice [their] religion" by attending a worship service with "Brother Jay Davis." (*Id.* at pp. 3-4).

## IV.    Analysis

First, with regard to the Plaintiffs' claims against the Davidson County Sheriff's Department, a sheriff's department is not a suable entity. See Mathes v. Metro. Gov't of Nashville & Davidson Cnty., No. 3:10–cv–0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) ("[F]ederal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit.")(collecting cases). Thus, the Plaintiffs' claims against the Davidson County Sheriff's Department must be dismissed.

While Defendant Davidson County, Tennessee, is a suable entity, it is responsible under § 1983 only for its " own illegal acts. [It is] not vicariously liable under § 1983 for [its] employees' actions." Connick v. Thompson, 563 U.S. 51, 131 S. Ct. 1350, 1359, 179 L.Ed.2d 417 (2011)

3

(internal citations and quotation marks omitted). Under § 1983, a municipality can only be held liable if the plaintiff demonstrates that the alleged federal violation was a direct result of the city's official policy or custom. Burgess v. Fisher, 735 F.3d 462, 478 (6th Cir.2013) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 693, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)); Regets v. City of Plymouth, 568 Fed. Appx. 380, 2014 WL 2596562, at *12 (6th Cir. 2014) (quoting Slusher v. Carson, 540 F.3d 449, 456-57 (6th Cir. 2008)). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. Burgess, 735 F.3d at 478.

The inadequacy of police training only serves as a basis for § 1983 liability where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact. Slusher, 540 F.3d at 457. To establish deliberate indifference, the plaintiff may show prior instances of unconstitutional conduct demonstrating that the governmental entity has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury. Id.; see also Gregory v. City of Louisville, 444 F.3d 725, 752-53 (6th Cir. 2006). In the alternative, where the constitutional violation was not alleged to be part of a pattern of past misconduct, a supervisory official or a municipality may be held liable only where there is essentially a complete failure to train the police force or training that is so reckless or grossly negligent that future police misconduct is almost inevitable or would properly be characterized as substantially certain to result. Hays v. Jefferson Cnty., Ky., 668 F.2d 869, 874 (6th Cir.1982).

Here, there is no allegation in the Complaint that a policy or practice of Davidson County, Tennessee, is responsible for the alleged violations of the Plaintiffs' civil or constitutional rights. There are no allegations pertaining to the failure to train police or corrections officers by Davidson County. Consequently, the Court finds that the Complaint fails to state a claim upon which relief can be granted as to Defendant Davidson County, Tennessee, and all claims against Defendant Davidson County, Tennessee, will be dismissed.

Next, the Plaintiffs' claim concerning the amount of recreation time to which they are entitled is a conditions of confinement claim. The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994)(collecting cases). An Eighth Amendment conditions of confinement claim has two elements. "First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Id. at 834 (internal quotation marks and citations omitted). Second, the prison official's "state of mind [must be] one of 'deliberate indifference' to inmate health or safety." Id. (quoting Wilson v. Seiter, 501 U.S. 294, 302-03 (1991)).

The amount of exercise that an prisoner is provided need only comport to the "'minimal civilized measure of life's necessities.'" Walker v. Mintzes, 771 F.2d 920, 927 (6th Cir. 1985) (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). "It is generally recognized that a total or near-total deprivation of exercise or recreational opportunity, without *penological justification*, violates Eighth Amendment guarantees." Patterson v. Mintzes, 717 F.2d 284, 289 (6th Cir.

5

1983)(emphasis added); Walker, 771 F.2d at 927-28 (a total denial of recreational opportunities may violate the Constitution). Although the Sixth Circuit has not defined a minimum standard for recreation for adult prisoners, in its opinion in Rodgers v. Jabe, 43 F.3d 1082, 1087-1088 (6th Cir. 1995), the Court strongly suggests that five (5) hours a week is the constitutional minimum. Furthermore, the deprivation of sunshine and fresh air may violate the Eighth Amendment. *See* Comer v. Stewart, 215 F.3d 910, 916 (9th Cir. 2000); Blissett v. Coughlin, 66 F.3d 531, 537 (2d Cir. 1995).

Even construing the Complaint liberally, the Court finds that the Plaintiffs' allegations that they were denied recreation time for a period of four days during an investigative lock-down do not rise to level of an Eighth Amendment violation. The Complaint does not allege that there are ongoing restrictions on the amount of recreation time–outdoor or indoor–permitted by inmates.

Further, under the PLRA, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Sixth Circuit has held that even though the physical injury required by the statute "need not be significant, it must be more than de minimus." Flanory v. Bonn, 604 F.3d 249, 254 (6th Cir. 2010). Here, although the Complaint alleges that the Plaintiffs suffered "stress and mental anguish," the Complaint does not allege that either Plaintiff sought medical treatment for any illness, injury, or condition as a result of being on lockdown which restricted out-of-cell exercise. Thus, the Court finds that these allegations fail to state Eighth Amendment claims upon which relief can be granted.

The Plaintiffs' second and final claim is that they were denied the opportunity to attend worship services on March 1, 2016, during an investigative lockdown of their facility, and this

denial violated their First Amendment rights to practice their religion. Although prison inmates do not lose their First Amendment right to exercise their religion because of incarceration, O'Lone v. Estate of Shabazz, 482 U.S. 342, 348, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987), "the circumstances of prison life may require some restriction on prisoners' exercise of their religious beliefs." Walker v. Mintzes, 771 F.2d 920, 929 (6th Cir.1985). The First Amendment does not require that prison officials provide inmates with the best possible means of exercising their religious beliefs, nor does it require that general prison policies and concerns become subordinate to the religious desires of any particular inmate; the internal administration of a correctional facility is a function legitimately left to the discretion of prison administrators. See O'Lone, 482 U.S. 342, 348; Bell v. Wolfish, 441 U.S. 520, 547, 99 S. Ct. 1861, 60 L.Ed.2d 447 (1979); Procunier v. Martinez, 416 U.S. 396, 405, 94 S. Ct. 1800, 40 L.Ed.2d 224 (1974), overruled on other grounds by Thornburgh v. Abbott, 490 U.S. 401, 109 S. Ct. 1874, 104 L.Ed.2d 459 (1989).

In the absence of allegations that the Plaintiffs were totally denied religious opportunities or were subjected to intentional and arbitrary restrictions on their ability to practice their religious views, the Court finds that a one-time inability to attend a worship service due to a prison lockdown was a minor infringement on the Plaintiffs' ability to workship within the Davidson County Criminal Justice Center facility. O'Lone, 482 U.S. at 350-53. A facility lockdown and an inmate's resulting inability to attend a worship service are the types of inconveniences that are simply inherent to a correctional setting. See Mabon v. Campbell, 2000 WL 145177 (6th Cir. Feb. 1, 2000). Therefore, the Court finds that these allegations do not state a claim under the First Amendment upon which relief can be granted.

## V. Conclusion

For the reasons stated above, the Court finds the Complaint fails to state a § 1983 claim upon which relief can be granted as to any Defendant. All claims and Defendants, therefore, will be dismissed.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE